# CARDINALE & MARINELLI
ATTORNEYS AT LAW
26 COURT STREET, SUITE 1815
BROOKLYN, NEW YORK 11242
(718) 624-9391
Facsimile (718) 624-4748

Richard J. Cardinale
Robert J. Marinelli

March 22, 2006

BY ECF and FAX
The Honorable Kiyo A. Matsumoto
United States Courthouse
225 Cadman Plaza East
Brooklyn, N.Y. 11201

   Re: *Barrett v. City of New York*, CV 05 5179 (JBW) (KAM)
      *Barrett v. City of New York*, CV 05 3760 (RJD) (KAM)

Your Honor:

  I represent the plaintiff in these cases alleging false arrest, illegal strip searches, malicious prosecution, and fabrication of evidence by New York City Police Officers.

  Plaintiff moves to compel production of all *unsubstantiated* Civilian Complaint Review Board ("CCRB"), Internal Affairs Bureau ("IAB"), and internal NYPD disciplinary records, regardless of the nature of the complaint, concerning the three individual defendant police officers. *See Fountain v. City of New York*, 2004 WL 1474695, *1 (S.D.N.Y. 2004) ("Both CCRB and IAB records are … presumptively discoverable, regardless of the age, subject matter, or disposition of the underlying complaint"). Defense counsel informed me that she will produce only employment records concerning: (1) substantiated allegations of a defendant having made a false statement, and (2) substantiated allegations of a similar nature to the claims presented in the complaint.

  Plaintiff asserts that unsubstantiated CCRB, IAB, and NYPD disciplinary records are discoverable under two theories of relevance: (1) to help the plaintiff prove defendants' intent under Fed. R. Evid. 404(b), and (2) to help the plaintiff establish municipal liability under *Monell v. Department of Social Services,* 436 U.S. 658 (1978). Plaintiff's *Monell* theory is that the City of New York is liable under 42 U.S.C. § 1983 because the City is deliberately indifferent to the possibility that its police officers are wont to violate civil rights and that this indifference is demonstrated by the failure of the City and its agencies to exercise reasonable care in investigating claims of police brutality. *See Fiacco v. City of Rensselaer*, 783 F.2d 319, 326 (2d Cir. 1986), *cert. denied*, 480 U.S. 922 (1987) (holding that this is a valid basis of *Monell* liability).

A.  **Prior Complaints, Regardless of Disposition, Could Help Plaintiff Establish That Defendants Intended To Violate His Civil Rights**

First, unsubstantiated CCRB, IAB, and NYPD disciplinary records could assist the plaintiff in proving the defendants' intent under Fed. R. Evid. 404(b). *See Ismail v. Cohen,* 899 F.2d 183, 188-89 (2d Cir. 1990) (discussing the Second Circuit's "inclusionary approach" to evidence offered under Rule 404(b)).

Numerous courts have held that unsubstantiated CCRB, IAB, and NYPD disciplinary records are discoverable in a civil rights case pursuant to Rule 404(b) and other theories. *See Pacheco v. City of New York*, 2006 WL 648057, *1 (E.D.N.Y. 2006) (ordering production of unsubstantiated complaints and accusations); *Bradley v. City of New York*, 2005 WL 2508253, *1 (S.D.N.Y. 2005) (same); *Fountain v. City of New York,* 2004 WL 941242, **1-3 (S.D.N.Y. 2004) (same); *Reyes v. City of New York,* 2000 WL 1528239, *2 (S.D.N.Y. 2000) (same); *Castro v. City of New York*, 1996 WL 355378, *1 (S.D.N.Y. 1996) (same); *Malsh v. New York City Police Dep't,* 1995 WL 217507, **1-2 (S.D.N.Y. 1995) (same); *Boyd v. City of New York*, 1987 WL 6915, *2 (S.D.N.Y. 1987) (same).

Production of such records will enable plaintiff to seek out the witnesses to the other allegations of misconduct and produce the witnesses at trial if they have evidence that would tend to prove the defendants' intent. *Pacheco*, 2006 WL 648057 at *1.

B.  **Prior Complaints, Regardless of Disposition, Could Help Plaintiff Establish *Monell* Liability**

Second, unsubstantiated CCRB, IAB, and NYPD disciplinary records could help plaintiff establish municipal liability under *Monell*. *See Sango v. City of New York*, 1989 WL 86995 (E.D.N.Y. 1989) (three unsubstantiated and one partially substantiated CCRB reports are sufficient to defeat summary judgment where claim is that CCRB investigatory procedures were inadequate); *Bradley,* 2005 WL 2508253 at *1 ("There is no question that civilian complaints, whether or not deemed substantiated, may be significant in an assessment of an officer's qualifications and performance, particularly if the complaints reflect a pattern"); *Morrissey v. City of New York*, 171 F.R.D. 85, 88 (S.D.N.Y. 1997) (where plaintiff contended that defendants failed to adequately supervise the defendant police officers, prior civilian complaints and discipline, whether or not substantiated, are relevant); *Vann v. City of New York,* 72 F.3d 1040, 1045 (2d Cir. 1995) (NYPD official acknowledged "that the very fact that an unusual number of civilian complaints had been filed, without regard to how they were ultimately resolved, could create concern that the officer was experiencing psychological problems and was suffering from stress that caused him to escalate minor situations into major confrontations").

C.  **Defendants' Burden Under *King v. Conde***

Defendants cannot successfully oppose this motion to compel simply by having defense counsel submit a letter in opposition. Rather, defendants must follow the procedures set forth by Judge Weinstein in *King v. Conde,* 121 F.R.D. 180 (E.D.N.Y. 1988).

In *King*, Judge Weinstein set forth a procedure and test designed to govern all discovery disputes over police records in federal civil rights actions in the Eastern District of

2

New York.  *Id.* at 188; *see Woodard v. City of New York*, 2000 WL 516890 (E.D.N.Y. 2000) (following *King*); *Kane v. U.S.*, 1996 WL 285438 (E.D.N.Y. 1996) (following *King*).

  Pursuant to *King*, in order for a police officer defendant to assert a claim of privilege against disclosure of police materials to a plaintiff raising federal civil rights claims, the defendant must do more than alert the court to a relevant privilege or the generalized policies which support it.  121 F.R.D. at 189.  The defendant must make a "substantial threshold showing" that there are specific harms likely to accrue from disclosure of specific materials.  *Id.* at 189.  The procedure requires that the defendant specify which documents or class of documents are privileged and for what reasons in the form of a declaration or affidavit.  *Id.*  The declaration or affidavit must be submitted from a responsible official within the NYPD who has personal knowledge of the principal matters to be attested to in the affidavit or declaration.  *Id.*

  "This statement must be based on personal review of the documents by an official in the police agency (not the defendants' attorney) and must explain (not merely state conclusorily) how the materials at issue have been generated or collected; how they have been kept confidential; what specific interests (*e.g.* of the police officers, of law enforcement, or of public concern) would be injured by disclosure to plaintiff, to plaintiff's attorney, and to the public; and the projected severity of each such injury.  *Id.*

  "If the court finds the defendant has not satisfied its threshold burdens, direct disclosure is in order."  *Id.* at 190.  "If the threshold burdens are met, the court may then review the materials at issue *in camera* and decide which, if any, to withhold from disclosure."  *Id.*

          Respectfully,


          Richard J. Cardinale (RC-8507)


Copy:  Sheryl Bruzzese (by ECF and fax)

3