```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
NATHANIEL BARRETT,

                    Plaintiff,
                                              ORDER

    -against-                                 05-CV-3760(RJD)(KAM)
                                              05-CV-5179(JBW)(KAM)
THE CITY OF NEW YORK et al.,

                    Defendants.
------------------------------------X
```
MATSUMOTO, United States Magistrate Judge:

In these civil rights actions pursuant to, *inter alia*, 28 U.S.C. § 1983, plaintiff alleges false arrest, illegal strip search, malicious prosecution and fabricated evidence. Plaintiff has moved to compel discovery of all "unsubstantiated Civilian Complaint Review Board ("CCRB"), Internal Affairs Bureau ("IAB") and internal NYPD disciplinary records, regardless of the nature of the complaint," concerning defendant police officers John Melidones, William Martin, Paul Zito and Thomas Donahue. (See Doc. Nos. 22 & 27, Letters from Richard Cardinale, Esq., dated Mar. 22, 2006 and Apr. 12, 2006.) Defendants have opposed on grounds of relevance and privilege and have submitted to the Court, for *in camera* review, the records they seek to withhold from the plaintiff. (See Doc. No. 31, Letter from Sheryl A. Bruzzese, Esq., dated May 28, 2006.) The Court has completed its *in camera* review and, for the reasons set forth below, the Court grants in part and denies in part plaintiff's motion to compel.

-1-

# DISCUSSION

**A. Whether the records sought by plaintiff are relevant to the claims and defenses asserted in the action**

Defendants argue that plaintiff is not entitled to the CCRB documents because the information contained in the reports is not relevant to the claims or defenses asserted in these actions, or to the officers' propensity to tell the truth. Defendants challenge the relevance of the documents on several grounds. According to defendants, allegations in those documents are not similar to those in the subject complaints and, in many cases, the Review Board determined that the allegations were unsubstantiated, exonerated or unfounded. Furthermore, defendants argue that complaints involving events that occurred after the events in the instant complaints, or more than ten years before the incidents in the present complaints, are also irrelevant.

**1. Subject matter of requested CCRB complaints**

The scope of discovery is defined by Fed. R. Civ. P. 26(b)(1), which permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." The information sought need not be admissible at trial to be discoverable — "all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should

be discoverable." National Congress for Puerto Rican Rights v. City of New York, 194 F.R.D. 88, 91 (S.D.N.Y. 2000)(quoting Morrissey v. City of New York, 171 F.R.D. 85, 88 (S.D.N.Y. 1997)). However, "where CCRB records contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found 'too tenuous to allow discovery.'" Fountain v. City of New York, 2004 WL 941242, at *2 (S.D.N.Y. 2004)(quoting Katt v. New York City Police Dep't, No. 95 Civ. 8283, 1997 WL 941242, at *3-4 (S.D.N.Y. Jul. 14, 1997)). Therefore, the CCRB complaints that are wholly unrelated to the plaintiff's claims of false arrest, illegal strip search, malicious prosecution and fabricated evidence are not relevant and need not be disclosed to plaintiff. Specifically, those CCRB files which include only allegations of unnecessary force and/or discourtesy by officers are not discoverable here. Conversely, CCRB files that contain allegations of abuse of authority involving unlawful searches and unlawful stops with questioning, or which are relevant to an officer's propensity to tell the truth, will be permitted for discovery purposes.

**2. Age of requested CCRB complaints**

Contrary to the defendants' contention, the age of CCRB complaints does not render the records less likely to lead to relevant or admissible evidence. Frails v. City of New York,

2006 WL 895175, at *2 (E.D.N.Y. 2006)(citing Bradley, 2005 WL 2508253, at *2 (S.D.N.Y. 2005)(pattern of complaints over twenty year period is "highly relevant")); cf. Haya v. City of New York, 1995 WL 314724, *1 (S.D.N.Y. May 24, 1995) (records of dissimilar allegations for incidents more than eight years ago are not relevant). CCRB investigations older than ten years may still be relevant to the current action, for example, to establish a pattern or knowledge, and should not be barred from discovery based solely on their age.

Similarly, CCRB investigations that post-date the filing of the current action could be relevant to this case and should be disclosed. The Court agrees with the defendants' assertion that complaints which post-date the subject incident would not be relevant to demonstrate notice to the defendant city. However, post-incident investigations regarding a police officer defendant in a section 1983 case may be "relevant to issues of pattern, intent, and absence of mistake." Moore v. City of New York, 2006 WL 1134146, *1 (E.D.N.Y. 2006)(quoting Ismail v. Cohen, 899 F.2d 183, 189 (2d Cir. 1990). Therefore, complaints should not be barred from discovery simply because they concern events that occurred after the subject incident.

**3. Disposition of requested CCRB complaints**

Further, the fact that CCRB complaints were not

substantiated does not preclude the documents from discovery. For purposes of discovery, an accusation against an individual need not be proven before the fact of that accusation can be disclosed pursuant to an otherwise valid discovery request. See Fountain, 2004 WL 941242, at *2. Disciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and, thus, are discoverable. See Pacheco v. City of New York, 2006 WL 648057, *1 (E.D.N.Y. May 13, 2006) (ordering production of both substantiated and unsubstantiated allegations); Bradley v. City of New York, 2005 WL 2508253, at *1 (S.D.N.Y. Oct. 3, 2005) ("We emphatically reject defendants' contention that 'unsubstantiated' complaints should . . . not be ordered produced."); Fountain, 2004 WL 941242, at *2 (unsubstantiated complaints are discoverable).

Although unsubstantiated allegations may not be admissible at trial, they may lead to witnesses who have evidence that would tend to prove defendants' intent. See Pacheco, 2006 WL 648057, at *1 ("plaintiff should be given an opportunity to seek out the witnesses to the other allegations of misconduct and produce them at trial . . . ."). Thus, here the court finds that complaints that were not substantiated but are otherwise relevant should be discoverable by plaintiff.

**B. Privilege**

Defendants argue that even those records that may be relevant are not discoverable because they are protected by the official information and law enforcement privileges. Defendants further assert that those privileges protect from disclosure CCRB documents related to pending investigations. On April 11, 2006, the Court ordered that defendants support their claims of privilege with a "specific showing" of which particular interests would be harmed by disclosure. (Doc. No. 26, Order dated Apr. 11, 2006.)

Despite having been given an opportunity to do so, defendants have not properly objected to disclosure of the CCRB documents based on privilege. Typically, in a section 1983 civil rights action courts "requir[e] that the police specify which documents or class of documents are privileged and for what reasons in the form of a declaration or affidavit." Fountain, 2004 WL 941242, at *3 (internal citations and quotation marks omitted). In King v. Conde, 121 F.R.D. 180, 189-190 (E.D.N.Y. 1988), the Honorable Jack B. Weinstein set forth a procedure designed to "govern all discovery disputes over police records in federal civil rights actions in [the Eastern District of New York], regardless of the label used to refer to the privilege." Id. at 188. Fountain qualified Judge Weinstein's requirement of an affidavit, providing that:

> [W]hile the procedure described in King requires that the affidavit be submitted "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration," King, 121 F.R.D. at 189 (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 669 (N.D. Cal. 1987)), under the circumstances of this action, an affidavit or declaration from defendant's counsel will suffice, provided that it is based on personal review of the documents by an official in the police agency (not the defendant's attorney) and must explain (not merely state conclusorily) how the materials at issue have been generated or collected; how they have been kept confidential; what specific interests (e.g., of the police officers, of law enforcement, or of public concern) would be injured by disclosure to the plaintiff, to plaintiff's attorney, and the public; and the projected severity of each such injury.

Fountain, 2004 WL 941242, at *3.

Defendants correctly assert that judges have not required an affidavit from a police official when defendants' object to disclosure on *relevance* grounds. However, once the information is determined to be relevant for purposes of discovery, defendants are required to make a showing of specific harm in accordance with the procedures outlined in King and Fountain. King, 121 F.R.D. at 189-190. Defendants have presented neither the appropriate affidavit with the required explanations, nor have they affirmed that assertions in their submissions are based on personal review by a police department official.

Defendants cite Collens v. City of New York, 222 F.R.D.

249 (S.D.N.Y. 2004), for the proposition that an affidavit is not required in all cases in which the official information privilege is asserted. In <u>Collens</u>, a defendant police officer sought to prevent disclosure of his home address during his deposition. The officer asserted the official information privilege, arguing that disclosure of such sensitive information would jeopardize his safety. The court held that the privilege would apply to protect the officer's home address from disclosure. Because the information sought was "particularly personal," <u>id.</u> at 254, the court did not require an affidavit. It did, however, require that defendants make a specific showing of harm, which the court weighed against the interests favoring disclosure. <u>Id.</u> at 253-54.

Here, defendants do not argue that highly personal and sensitive information is at issue;[1] rather, defendants broadly assert that disclosure of any unresolved CCRB complaints will impede any ongoing investigations of these complaints. Defendants fail to specifically identify any potential harm that may result from the disclosure of recent complaints. Therefore, otherwise relevant and discoverable CCRB complaints will not be precluded from discovery based on either the law enforcement or official information privilege.

---

[1] To the extent that particularly sensitive information is contained in any of the records plaintiff seeks, the parties may agree to redact such information.

**CONCLUSION**

The Court has reviewed *in camera* the allegations contained in each CCRB complaint and file. In accordance with the foregoing, the Court grants in part and denies in part plaintiff's motion to compel. Defendants shall produce to plaintiff the following records, which the Court finds relevant to the claims and defenses asserted in this action:

| CCRB # | DATE OF COMPLAINT | OFFICER(S) INVOLVED |
|---|---|---|
| 9403067 | 8/24/94 | Melidones |
| 9403334 | 9/8/94 | Melidones |
| 200403478 | 4/19/04 | Melidones |
| 200400461 | 1/13/04 | Melidones |
| 200404973 | 5/26/04 | Melidones |
| 200514037 (only information relating to allegations A, B and D) | 11/22/05 | Donohue |
| 200502305 | 3/3/05 | Zito/Martin |
| 200600705 | 1/18/06 | Martin |

Within five days of the date of this order, defendants shall provide plaintiffs with the documents specified above. The Court finds that the remainder of the records sought by plaintiff are not relevant to the claims and defenses asserted in this action and are not discoverable.

Additionally, the Court orders that discovery be completed by August 31, 2006 and that, on September 11, 2006 at 9:15 a.m., plaintiff initiate a telephone conference to schedule the pre trial orders and a settlement conference.

**SO ORDERED.**
Dated:   July 12, 2006
         Brooklyn, NY

/s/
**Kiyo A. Matsumoto**
United States Magistrate Judge